**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **THOMAS JOHNSON**<br>1465 Hagley Rd<br>Toledo, Ohio 43612 | *<br><br>* | Case No.<br><br>Judge |
| Plaintiff,<br>v. | *<br><br>* | **COMPLAINT; JURY DEMAND ENDORSED HEREON** |
| **MSC WALBRIDGE COATINGS, INC.**<br>30610 East Broadway St.<br>Walbridge, Ohio 43465<br><br>Defendant. | *<br>*<br>*<br>*<br>* | Francis J. Landry (0006072)<br>**WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**<br>300 Inns of Court Building<br>405 N. Huron Street<br>Toledo, Ohio 43604<br>Telephone: (419) 243-1239<br>Facsimile: (419) 243-2719<br>Email: FLandry308@aol.com<br>Attorney for Plaintiff<br>Thomas Johnson |

* * * * * * * *

**JURISDICTION**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1337, 1343, 2201 and 2202. This is an action for a violation 29 U.S.C. Sections 2601, et seq., including but not limited to the Family and Medical Leave Act. This Court's supplemental jurisdiction is also invoked over state law claims of disability discrimination and for workers compensation retaliation.

**PARTIES**

2. Plaintiff, Thomas Johnson, is a citizen of the United States, and a resident of the City of Toledo, County of Lucas, State of Ohio, who was employed by Defendant from April 21, 1997 until his termination on June 18, 2011. At all times material hereto, Plaintiff was an employee of an employer within the meaning of the Family and Medical Leave Act and Chapter 4112 of the

Ohio Revised Code, in that Defendant is an employer who employed more than fifty (50) employees at all times material hereto. At all times material hereto, Plaintiff was an employee of an employer within the meaning of the Family and Medical Leave Act in that the Plaintiff was employed for more than twelve months and worked more than 1250 hours during the 12 months preceding the incident which gave rise to his termination.

3. Plaintiff states that the Defendant is a corporation duly licensed to do business in the State of Ohio, with a location in the City of Walbridge, County of Wood, State of Ohio. At all times material hereto, Defendant at all times had more than fifty (50) employees and was also an employer within the meaning of the Family and Medical Leave Act, the Americans with Disabilities Act and the amendments thereto and Ohio Revised Code Section 4112.01.

**NATURE OF THE CASE**

4. Plaintiff brings this action for damages and injunctive relief for an unlawful termination of his employment. Plaintiff alleges that in terminating him, the Defendants did so in violation of the Family and Medical Leave Act, Chapter 4112 of the Ohio Revised Code, and as retaliation for his having filed for workers compensation.

**FIRST CLAIM FOR RELIEF**
**Disability Discrimination O.R.C. Sections 4112.02(A) and 4112.99**

5. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through four (4) of this complaint by reference in its entirety as if fully restated herein.

6. Plaintiff states that at and prior to his termination, he was a disabled individual within the meaning of Ohio Revised Code Chapter 4112.02(A). Alternatively, Plaintiff was disabled on the basis of his record of medical impairments and because he was perceived by defendant as being disabled.

7. Plaintiff states that on June 18, 2011, Defendant terminated Plaintiff because of his disability and/or because of its perceptions of his disability. Plaintiff states that he suffered from Type I Diabetes. Plaintiff states that his disabling condition substantially limited one or more major life activities, including but not limited to caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, sitting, breathing, as well as numerous major bodily functions. Plaintiff states that the Defendant was aware of his disabilities as he provided notes from his treating physician repeatedly over the course of his employment. Plaintiff states that despite providing notes from his physician when he was forced to miss work as a result of his disability, Defendant still penalized Plaintiff with points under its attendance policy. The Defendant terminated Plaintiff allegedly because he received too many points under its attendance policy. However, the proffered reason from Defendant was false and pretextual, as Plaintiff performed his job to reasonable expectations, and never should have received the points he accumulated in the first place. Furthermore, Plaintiff was denied a reasonable accommodation of appropriate leave time without accumulation of points.

8. At the time of and prior to his termination, Plaintiff was meeting and exceeding all of Defendant's legitimate expectations as a quality inspector, and was a highly rated and skilled employee. Despite his disability, Plaintiff can safely and substantially perform the essential functions of his position with or without an accommodation

9. Plaintiff states that in failing to accommodate him and in terminating his employment, the Defendant violated and/or intentionally violated Chapter 4112.02(A) and 4112.99 as amended on the basis of disability.

10. As a proximate result of the actions of Defendant as complained of herein, said Plaintiff has suffered the loss of his job position, back wages, seniority, fringe benefits and pension

benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to his damage. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

**SECOND CLAIM FOR RELIEF**
**Family and Medical Leave Act– 29 U.S.C. Sections 2601 et seq.**

11. Plaintiff incorporates each and every allegation contained in paragraph one (1) through ten (10) by reference in its entirety as if fully restated herein.

12. Plaintiff states that she was employed as a registered nurse for the Defendant's location in Walbridge, Ohio, from April 21, 1997 until his termination on June 18, 2011. Plaintiff was at all times meeting his employer's legitimate expectations.

13. Plaintiff states that at all times material hereto Defendant employed more than fifty employees and is a covered employer under the Family and Medical Leave Act.

14. Plaintiff suffers from Type I Diabetes, which occasionally requires time off from work or hospitalization. Plaintiff states that the Defendant was aware of his condition, as he repeatedly visited his doctor and provided notes from his treating physician to Defendant after each absence.

15. On or about June 18, 2011, Defendant terminated Plaintiff's employment, allegedly because Plaintiff had been charged too many attendance points under the defendant's attendance policy. Plaintiff states that the reason advanced by Defendant was false and pretextual, because he would not have been charged points for most of his absences had he been permitted to utilize FMLA leave time. At the time of his termination, Plaintiff was employed for more than twelve months and worked more than 1250 hours during the 12 months preceding the incident which gave rise to his termination. Plaintiff states that Defendant's action in terminating his

employment constituted discrimination and retaliation, along with interference against Plaintiff because of his having an FMLA qualifying condition. Said conduct of Defendant is actionable pursuant to 29 U.S.C. Sections 2615 and 2617.

16. As a proximate result of the acts of Defendant, Plaintiff has suffered the loss of his job position including back pay, future pay, and lost fringe benefits and pension benefits. Plaintiff has also suffered great mental and emotional stress, anxiety, humiliation, and embarrassment. By virtue of the willful violation of the act, Plaintiff is entitled to liquidated damages. Plaintiff has also been forced to incur court costs and attorney's fees.

**THIRD CLAIM FOR RELIEF**
**Ohio Revised Code Section 4123.90—Worker's Compensation Retaliation**

17. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through sixteen (16) of this complaint, supra, by reference in its entirety as if fully restated herein.

18. Plaintiff states that as the result of a workplace injury on February 18, 2011, he filed a workers compensation claim, claim number 11-31120.

19. At all times material hereto, Plaintiff was meeting or exceeding his employer's legitimate expectations as a quality inspector. On or about June 18, 2011, Defendant terminated Plaintiff.

20. Plaintiff states that, Defendant terminated Plaintiff in retaliation because Plaintiff filed and participated in a workers compensation claim, in violation of Ohio Revised Code Section 4123.90.

21. On August 22, 2011, Plaintiff notified Defendant via certified U.S. Mail of the claimed violation of Ohio Revised Code Section 4123.90. The United States Postal Service indicates that this notification was delivered on August 25, 2011 at approximately 8:30AM.

22. As a proximate result of the acts of the Defendant complained of herein, Plaintiff has suffered the loss of past and future wages. Plaintiff also has lost past and future commissions.

Plaintiff has also suffered, as a proximate result of the acts of Defendant complained of herein, pain and suffering, humiliation and embarrassment. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

**WHEREFORE,** Plaintiff demands a judgment ordering reinstatement to his position together with lost back pay seniority and benefits or in the alternative for an award of front pay in lieu of reinstatement and judgment against Defendant for compensatory and punitive damages for emotional distress, anxiety, humiliation and embarrassment plus his costs, interest and reasonable attorney fees. Plaintiff also seeks an amount of liquidated damages equal to his damages and his costs and attorneys fees all together with prejudgment and post judgment interest. Plaintiff further prays for whatever other legal or equitable relief he may appear to be entitled to.

Respectfully submitted,

**WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**

s/Francis J. Landry
Francis J. Landry, Attorney for
Plaintiff, Thomas Johnson

**JURY DEMAND**

Plaintiff demands a jury trial as to all issues so triable in the within cause.

s/Francis J. Landry
Francis J. Landry